PETER J. SMITH IV, ISB 6997
Lukins & Annis, P.S.
601 E. Front Avenue, Suite 502
Coeur d'Alene, ID 83814
Phone: 208-667-0517
Fax: 208-664-4125
Email: psmith@lukins.com

LUCAS T. MALEK, ISB 8610
Luke Malek, Attorney at Law, PLLC
721 N 8th Street
Coeur d'Alene, ID 83814
Phone: 208-661-3881
Email: Luke_Malek@hotmail.com

Attorneys for the Plaintiff ANNA J. SMITH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNA J. SMITH, a Married Woman,<br><br>        Plaintiff,<br><br>vs.<br><br>BARACK H. OBAMA, in his official capacity as President of the United States of America; JAMES R. CLAPPER, in his official capacity as Director of National Intelligence; KEITH B. ALEXANDER, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; CHARLES T. HAGEL, in his official capacity as Secretary of Defense; ERIC H. HOLDER, in his official capacity as Attorney General of the United States; and ROBERT S. MUELLER III, in his official capacity as Director of the Federal Bureau of Investigation,<br><br>        Defendants. | CASE NO. 2:13-cv-00257<br><br>COMPLAINT |

COMPLAINT - 1
00639805.1

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This lawsuit challenges the government's search and seizure of Plaintiff Anna Smith's telephone records under Section 215 of the Patriot Act, 50 U.S.C. § 1861.[1]

2. The government acknowledges that it is relying on Section 215 to collect "metadata" about every phone call made or received by residents of the United States.

3. The practice is akin to having a government official monitoring every call to determine who Plaintiff Anna Smith spoke to, when Anna Smith talked, for how long, and from where.

4. The government now possesses information about Plaintiff Anna Smith, including but not limited to her associations and public movements, revealing a wealth of detail about her familial, political, professional, religious, and intimate associations.

5. The government has confirmed the authenticity of an order issued six weeks ago by the Foreign Intelligence Surveillance Court ("FISC") requiring Verizon Business Network Services, Inc. to turn over, every day, metadata about the calls made by each of its subscribers over the three-month period ending on July 19, 2013.

6. Upon information and belief, Plaintiff Anna Smith believes a similar order was sent to Verizon Wireless, which is a joint venture between Verizon Communications, Inc. and Vodafone (hereinafter referred to as "Verizon Wireless").

7. It is believed that Verizon Wireless is part of a program that has been in place for seven years and that collects records of all telephone communications of every customer of a major phone company, including Verizon Wireless.

---

[1] "The Patriot Act" is formally referred to as Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. No. 107-56, 115 Stat. 272.

COMPLAINT - 2
00639805.1

## JURISDICTION AND VENUE

8. This case arises under the Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. § 1331. The Court also has jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 702. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Court has authority to award costs and attorneys fees under 28 U.S.C. § 2412.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), (c)(2).

## PLAINTIFF

10. Plaintiff Anna Smith is a current Verizon Wireless subscriber and a resident of Kootenai County, Idaho.

11. Plaintiff Anna Smith has been a customer of Verizon for at least 3 years and previously was a customer of AT&T Wireless for 4 years.

## DEFENDANTS

12. Defendant Barack H. Obama is the President of the United States. President Obama has ultimate authority over executive branch of the government.

13. Defendant James R. Clapper is the Director of National Intelligence ("DNI"). Defendant Clapper has authority over the activities of the intelligence community.

14. Defendant Lt. Gen. Keith B. Alexander is the Director of the National Security Agency ("NSA") and the Chief of the Central Security Service. Defendant Lt. Gen. Alexander has authority for supervising and implementing all operations and functions of the NSA, the agency responsible for conducting surveillance authorized by the challenged law.

15. Defendant Charles T. Hagel is the Secretary of Defense. Defendant Hagel has authority over the Department of Defense, of which the NSA is a component.

COMPLAINT - 3
00639805.1

16. Defendant Eric H. Holder is the Attorney General of the United States. Attorney General Holder has authority over the Department of Justice and the Federal Bureau of Investigation ("FBI") and is responsible for overseeing aspects of the challenged statute.

17. Defendant Robert S. Mueller III is the Director of the FBI and is responsible for applications made to the FISC under Section 215 of the Patriot Act.

## BACKGROUND

### The Foreign Intelligence Surveillance Act

18. In 1978, Congress enacted the Foreign Intelligence Surveillance Act ("FISA") to govern surveillance conducted for foreign-intelligence purposes. The statute created the FISC, a court composed of eleven federal district court judges. FISC is empowered to grant or deny government applications for surveillance orders in foreign-intelligence investigations.

19. Congress enacted FISA after years of in-depth congressional investigation by the committees chaired by Senator Frank Church (the former Senator from Idaho) and Representative Otis Pike, which revealed that the Executive Branch had engaged in widespread warrantless surveillance of United States citizens—including journalists, activists, and members of Congress—"who engaged in no criminal activity and who posed no genuine threat to the national security."

### Section 215 of the Patriot Act

20. Section 215 of the Patriot Act is often referred to as FISA's "business records" provision.

21. Section 215 expanded the scope of the items that the FBI may obtain using this authority from "records" to "any tangible things (including books, records, papers, documents, and other items)."

COMPLAINT - 4
00639805.1

22. FISA requires only the records or things sought be "relevant" to an authorized investigation "to obtain foreign intelligence information not concerning a United States person or to protect against international terrorism or clandestine intelligence activities."

23. Production orders issued under Section 215 are accompanied by gag orders generally forbidding recipients from revealing "that the Federal Bureau of Investigation has sought or obtained tangible things."

24. Recipients may challenge gag orders "[n]ot less than 1 year after the date of the issuance of the production order." If a recipient challenges a gag order, the FISC must treat the government's claim "that disclosure may endanger the national security of the United States or interfere with diplomatic relations . . . as conclusive."

25. On June 5, 2013, *The Guardian* disclosed that, under Section 215, the NSA acquires the metadata for every phone call made or received by customers of Verizon Wireless "on an ongoing daily basis."

## PLAINTIFF'S ALLEGATIONS

26. Plaintiff Anna Smith is a mom and a neonatal intensive care nurse.

27. Plaintiff Anna Smith's primary means of communication is with her cell phone.

28. Plaintiff Anna Smith's communicates with her family, friends, employer, her children's teachers, her doctor, her legal counsel, and nearly every one else by way of her cell phone.

29. None of these communications relate in anyway to international terrorism or clandestine intelligence activities.

30. Rather, these communications are being monitored simply because they are occurring.

31. As an American citizen, Plaintiff Anna Smith possesses a Constitutional Right to be free of monitoring by her government.

32. Moreover, some of these communications, including communications between Plaintiff Anna Smith and her doctor, are extremely private and confidential.

33. Verizon Wireless provides information to the government about Plaintiff Anna Smith's wireless communications under a secret order issued by a secret court.

34. On June 5, 2013, *The Guardian* published a FISC order directing Verizon Business Network Services, Inc. to produce to the National Security Agency "on an ongoing daily basis . . . all call detail records or 'telephony metadata'" of its customers' calls, including those "wholly within the United States." Secondary Order at 2, *In re Application of the FBI for an Order Requiring the Prod. of Tangible Things from Verizon Bus. Network Servs., Inc. on Behalf of MCI Commc'n Servs., Inc. d/b/a Verizon Bus. Servs.*, No. BR 13-80 (FISC Apr. 25, 2013), *available at* http://bit.ly/11FY393.

35. Plaintiff Anna Smith believes that a similar order was issued to Verizon Wireless on the same date (April 25, 2013) and it also expires on July 19, 2013. The order was issued ex parte, and there is no procedure for Plaintiff Anna Smith to challenge it in the FISC. Moreover, Plaintiff Anna Smith has no way of knowing it even exists.

36. Since news story was run by *The Guardian*, the government, including Defendant Clapper and President Obama have confirmed the existence of the program and provided additional detail.

37. Defendant Clapper stated: "[t]he judicial order that was disclosed in the press is used to support a sensitive intelligence collection operation"; "[t]he only type of information

acquired under the Court's order is telephony metadata, such as telephone numbers dialed and length of calls"; and "[t]he [FISC] reviews the program approximately every 90 days."

38. President Obama acknowledged that the intelligence community is tracking phone numbers and the durations of calls.

39. Members of the congressional intelligence committees confirmed that the order extended the term of a seven-year program that the government uses to gather telephone records of all Americans.

40. As a customer of Verizon Wireless, Plaintiff Anna Smith is likely covered by a similar order of the FISC requiring Verizon Wireless to turn over *all* of Plaintiff Anna Smith's call records—on an ongoing basis.

41. Upon information and belief, Plaintiff Anna Smith's communications have been monitored for at least 7 years, while she was a wireless customer of Verizon Wireless and AT&T.

42. This monitoring is distressing and a violation of Plaintiff Anna Smith's Constitutional rights.

## CAUSES OF ACTION

43. The Mass Call Tracking exceeds the authority granted by 50 U.S.C. § 1861, and thereby violates 5 U.S.C. § 706.

44. The Mass Call Tracking violates the First Amendment to the Constitution.

45. The Mass Call Tracking violates the Fourth Amendment to the Constitution.

## PRAYER FOR RELIEF

WHEREFORE the plaintiffs respectfully request that the Court:

1. Exercise jurisdiction over Plaintiff Anna Smith's Complaint;

COMPLAINT - 7
00639805.1

2. Declare that the Mass Call Tracking violates 50 U.S.C. § 1861 and 5 U.S.C. § 706;

3. Declare that the Mass Call Tracking violates the First and Fourth Amendments to the Constitution;

4. Permanently enjoin Defendants from continuing the Mass Call Tracking under any Verizon Wireless order or any successor thereto;

5. Order Defendants to purge from their possession all of the call records of Plaintiff Anna Smith's communications in their possession collected pursuant to the Mass Call Tracking;

6. Award Plaintiff Anna Smith fees and costs pursuant to 28 U.S.C. § 2412;

7. Grant such other and further relief as the deems just and proper.

DATED this 12th day of June, 2013.

LUKINS & ANNIS, P.S.

By _____
PETER J. SMITH IV, ISB 6997
Co-Counsel for Plaintiff
ANNA J. SMITH

LUKE MALEK, ATTORNEY AT LAW, PLLC

By _____
LUCAS T. MALEK, ISB 8610
Co-Counsel for Plaintiff
ANNA J. SMITH

COMPLAINT - 8
00639805.1