PETER J. SMITH IV, ISB 6997
Lukins & Annis, P.S.
601 E. Front Avenue, Suite 502
Coeur d'Alene, ID 83814
Phone: 208-667-0517
Fax: 208-664-4125
Email: psmith@lukins.com

LUCAS T. MALEK, ISB 8610
Luke Malek, Attorney at Law, PLLC
721 N 8th Street
Coeur d'Alene, ID 83814
Phone: 208-661-3881
Email: Luke_Malek@hotmail.com

Attorneys for the Plaintiff ANNA J. SMITH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNA J. SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>BARACK H. OBAMA, in his official capacity as President of the United States of America; JAMES R. CLAPPER, in his official capacity as Director of National Intelligence; KEITH B. ALEXANDER, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; CHARLES T. HAGEL, in his official capacity as Secretary of Defense; ERIC H. HOLDER, in his official capacity as Attorney General of the United States; and JAMES B. COMEY, in his official capacity as Director of the Federal Bureau of Investigation,<br><br>        Defendants. | CASE NO. 2:13-cv-00257<br><br>AMENDED COMPLAINT |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Anna Smith ("Anna") challenges the government's gathering of her telephone records and location information under Section 215 of the Patriot Act, 50 U.S.C. § 1861.[1]

## JURISDICTION AND VENUE

2. Article III of the Constitution and 28 U.S.C. § 1331 provides jurisdiction to this Court because this case arises under the Constitution and the laws of the United States and presents a federal question.

3. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4. The Court has authority to award costs and attorneys fees under 28 U.S.C. § 2412.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), (c)(2).

## PLAINTIFF

6. Anna is a neonatal intensive care nurse and a mother of two daughters.

7. Anna is a current Verizon Wireless subscriber and a resident of Kootenai County, Idaho.

8. Anna has been a customer of Verizon for at least 3 years and previously was a customer of AT&T Wireless for 4 years.

## DEFENDANTS

9. Defendant Barack H. Obama is the President of the United States. President Obama has ultimate authority over executive branch of the government.

---

[1] "The Patriot Act" is formally referred to as Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. No. 107-56, 115 Stat. 272.

10. Defendant James R. Clapper is the Director of National Intelligence ("DNI"). Defendant Clapper has authority over the activities of the intelligence community.

11. Defendant Lt. Gen. Keith B. Alexander is the Director of the National Security Agency ("NSA") and the Chief of the Central Security Service. Defendant Lt. Gen. Alexander has authority for supervising and implementing all operations and functions of the National Security Agency ("NSA"), the agency responsible for conducting surveillance authorized by the challenged law.

12. Defendant Charles T. Hagel is the Secretary of Defense. Defendant Hagel has authority over the Department of Defense, of which the NSA is a component.

13. Defendant Eric H. Holder is the Attorney General of the United States. Attorney General Holder has authority over the Department of Justice and the Federal Bureau of Investigation ("FBI") and is responsible for overseeing aspects of the challenged statute.

14. Defendant James B. Comey is the Director of the FBI and is responsible for applications made to the Foreign Intelligence Surveillance Court ("FISC") under Section 215 of the Patriot Act.

## PLAINTIFF'S ALLEGATIONS

15. It is now commonly known and acknowledged that the Verizon Business Network Services, Inc. is ordered by FISC to provide metadata for each subscriber on its network on a daily basis to the government.

16. Upon information and belief, Anna believes a similar order was issued to Verizon Wireless, which is a joint venture between Verizon Communications, Inc. and Vodafone (hereinafter referred to as "Verizon Wireless").

17. Even if Verizon Wireless was not ordered to produce the metadata by the FISC, the government still captures Anna's personal information because "nearly all calls eventually travel over networks owned by U.S. companies that work with the NSA." This captures 99% of all phone traffic in the United States. Wall Street Journal, June 14, 2013 available at http://online.wsj.com/news/articles/SB10001424127887324049504578543800240266368 last accessed November 4, 2013.

18. As with many Americans, Anna's primary means of communication is with her cell phone.

19. Anna communicates with her family, friends, employer, her children's teachers, her doctor, her legal counsel, and nearly every one else with her cell phone.

20. None of these communications relate in anyway to international terrorism or clandestine intelligence activities.

21. Anna has a subjective expectation of privacy that metadata from these communications is not collected, stored and monitored by the government.

22. The collection of metadata constitutes a violation of a legitimate expectation of privacy and, as an American citizen, Anna asserts that she has a reasonable expectation of privacy that metadata of her calls is not being gathered, stored and monitored by the government.

23. Though Anna voluntarily provides this information to a third-party (Verizon Wireless), she reasonably expects that this information will not shared with the government without her knowledge and consent or, at least, without a showing of probable cause.

24. This monitoring is distressing and a violation of Anna's Constitutional rights.

## CAUSES OF ACTION

25. The Mass Call Tracking exceeds the authority granted by 50 U.S.C. § 1861, and thereby violates 5 U.S.C. § 706.

26. The Mass Call Tracking violates the First Amendment to the Constitution.

27. The Mass Call Tracking violates the Fourth Amendment to the Constitution.

## PRAYER FOR RELIEF

WHEREFORE the plaintiffs respectfully request that the Court:

1. Exercise jurisdiction over this Complaint;

2. Declare that the Mass Call Tracking violates 50 U.S.C. § 1861 and 5 U.S.C. § 706;

3. Declare that the Mass Call Tracking violates the First and Fourth Amendments of the Constitution;

4. Permanently enjoin Defendants from continuing to gather metadata on Plaintiff Anna Smith;

5. Order Defendants to purge all of metadata of Plaintiff Anna Smith's communications collected pursuant to the Mass Call Tracking;

6. Award Plaintiff Anna Smith fees and costs pursuant to 28 U.S.C. § 2412;

7. Grant such other and further relief as the Court deems just and proper.

DATED this 4th day of November, 2013.

LUKINS & ANNIS, P.S.

By _PJS_
PETER J. SMITH IV, ISB 6997
Co-Counsel for Plaintiff
ANNA J. SMITH