**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANNA J. SMITH,

*Plaintiff-Appellant*,

v.

BARACK OBAMA, in his official capacity as President of the United States of America; JAMES R. CLAPPER, in his official capacity as Director of National Intelligence; MICHAEL S. ROGERS, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; ASHTON CARTER, in his official capacity as Secretary of Defense; LORETTA E. LYNCH, Attorney General; JAMES B. COMEY, in his official capacity as Director of the Federal Bureau of Investigation,[*]

*Defendants-Appellees*.

No. 14-35555

D.C. No.
2:13-cv-00257-BLW

ORDER

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

2                     SMITH V. OBAMA

Argued December 8, 2014
Submitted March 15, 2016
Seattle, Washington

Filed March 22, 2016

Before: Michael Daly Hawkins, M. Margaret McKeown,
and Richard C. Tallman, Circuit Judges.

**SUMMARY**[*]

**USA FREEDOM Act**

    The panel held that Anna Smith's claims challenging the
ongoing collection of her metadata under section 215 of the
USA PATRIOT Act (expired but revived by the USA
FREEDOM Act of 2015) were moot, and remanded to the
district court for their dismissal; and remanded Smith's
remaining claims for the district court to determine whether
they are moot, and if not, to resolve the claims in light of an
intervening change in the law.

---

    [*] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

**COUNSEL**

Peter J. Smith IV (argued) and Lucas T. Malek, Smith & Malek, PLLC, Coeur d'Alene, Idaho; Cindy Cohn, David Greene, Hanni Fakhoury and Andrew Crocker, Electronic Frontier Foundation, San Francisco, California; Jameel Jaffer, Alex Abdo and Patrick Toomey, American Civil Liberties Union Foundation, New York, New York; Richard Alan Eppink, American Civil Liberties Union of Idaho Foundation, Boise, Idaho, for Plaintiff-Appellant.

H. Thomas Byron III (argued); Joyce R. Branda, Acting Assistant Attorney General; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Wendy J. Olson, United States Attorney; Douglas N. Letter and Henry C. Whitaker, Civil Division, United States Department of Justice, Washington, D.C., for Defendants-Appellees.

Paul M. Smith, Michael T. Borgia, Jenner & Block LLP, Washington, D.C.; Michael Davidson, Washington, D.C.; Kate A. Martin, Center for National Security Studies, Washington, D.C.; Joseph Onek, The Raben Group, Washington, D.C., for Amicus Curiae Center for National Security Studies.

Marc Rotenberg, Alan Butler, Julia Horwitz and Jeramie Scott, Electronic Privacy Information Center, Washington, D.C., for Amici Curiae Electronic Privacy Information Center (EPIC) and Thirty-Three Technical Experts and Legal Scholars.

Catherine R. Gellis, Sausalito, California; Michael H. Page and Joseph C. Gratz, Durie Tangri LLP, San Francisco,

California, for Amicus Curiae National Association of Criminal Defense Lawyers.

Thomas R. Burke, Davis Wright Tremaine LLP, San Francisco, California; Edward J. Davis, Linda Steinman and Lacy H. Koonce, III, Davis Wright Tremaine LLP, New York, New York, for Amicus Curiae PEN American Center, Inc.

Bruce Brown, Katie Townsend and Hannah Bloch-Wehba, Reporters Committee for Freedom of the Press, Arlington, Virginia; Kevin M. Goldberg, Fletcher, Heald & Hildreth, PLC, Arlington, Virginia; Rachel Matteo-Boehm, Bryan Cave LLP, San Francisco, California; David M. Giles, The E.W. Scripps Company, Cincinatti, Ohio; Peter Scheer, First Amendment Coalition, San Rafael, California; Lynn Oberlander, First Look Media, Inc., New York, New York; Barbara W. Wall, Gannett Co., Inc., McLean, Virginia; Karole Morgan-Prager and Juan Cornejo, The McClatchy Company, Sacramento, California; Charles D. Tobin, Holland & Knight LLP, Washington, D.C.; Mickey H. Osterreicher, Buffalo, New York; Jennifer A. Borg, North Jersey Media Group Inc., Woodland Park, New Jersey; Michael Kovaka, Washington, D.C.; Kathleen A. Kirby, Wiley Rein LLP, Washington, D.C.; John B. Kennedy, James A. McLaughlin and Kalea S. Clark, The Washington Post, Washington, D.C., for Amici Curiae Reporters Committee for Freedom of the Press and 17 Media Organizations.

Charles S. Sims, Proskauer Rose LLP, New York, New York, for Amici Curiae Senator Ron Wyden, Senator Mark Udall and Senator Martin Heinrich.

## ORDER

Anna Smith challenges the collection of her metadata pursuant to § 215 of the USA PATRIOT Act of 2001, Pub. L. No. 107-56, sec. 215, § 501, 115 Stat. 272, 287-88. That section expired on June 1, 2015, but was revived by the USA FREEDOM Act of 2015, Pub. L. No. 114-23, tit. I, 129 Stat. 268, 269–77 (2015) (codified at 50 U.S.C. § 1861). The USA FREEDOM Act prohibits any further bulk collection of tangible things pursuant to § 1861 after November 28, 2015. *See id.* § 103, 129 Stat. at 272; *see also id.* § 109(a), 129 Stat. at 276.

On November 24, 2015, the Foreign Intelligence Surveillance Court ("FISC") approved the government's request to retain already collected metadata for two limited purposes. Opinion & Order, *In re Application of the FBI for an Order Requiring the Production of Tangible Things*, No. BR 15-99 at 1–2 (FISC Ct. Nov. 24, 2015). First, for a period ending on February 29, 2016, the court authorized limited access to the metadata by technical personnel to verify the completeness and accuracy of call detail records produced under targeted production orders issued by the FISC after November 28, 2015. *Id.* at 6–7. Second, the court permitted the government to retain the metadata for litigation purposes after February 29, 2016, subject to conditions set out in an earlier order. *Id.* at 7–8.

On January 8, 2016, the government filed in the FISC a report expressing its view that, although the USA FREEDOM Act mooted claims for prospective injunctive relief (i.e., requests to halt bulk collection pursuant to § 1861), it did not moot claims for retrospective relief (i.e., inventory and destruction of already collected metadata). Report Describing

the Government's Assessment Whether the End of Bulk
Collection Has Mooted Claims of Certain Plaintiffs, *In re
Application of the FBI for an Order Requiring the Production
of Tangible Things*, No. BR 15-99 at 1, 6–7 (FISC, filed Jan.
8, 2016).

We hold that Smith's claims related to the ongoing
collection of metadata are moot and vacate and remand for
their dismissal.

As for Smith's remaining claims, including her request
that the government purge all of her metadata collected
pursuant to § 1861, we remand this case for the district court
to determine whether they are moot and, if they are not, for
the district court to resolve them in light of the intervening
change in law.  Each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**